**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RAFAEL ERNESTO BAUTISTA-PACHECO,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2636-J** |
| **FRED FIGUEROA, et al.,** | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

Petitioner Rafael Ernesto Bautista-Pacheco, a non-citizen proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] He also filed a memorandum in support. (Doc. 2). United States District Judge Bernard M. Jones, II, referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 5). The matter is at issue. As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part** because Petitioner's detention without a bond hearing violates the Immigration and Nationality Act

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

("INA"). The Court should order an individualized bond hearing before a neutral Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

## I. Factual Background

The relevant facts in this matter are:

- Petitioner asserts, and Respondents do not contest, that he entered the United States without admission on May 4, 2013. (Doc. 2, at 1).

- Petitioner alleges he was detained by ICE in the interior of the country on September 15, 2026. (*Id.* at 1, 2).

- Petitioner alleges that he is being held on an immigration charge. (Doc. 1, at 1).

- Petitioner's immigration proceedings are ongoing. *See* EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last accessed Oct. 30, 2026).

- Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma. (Doc. 2, at 2).

## II. Petitioner's Claims and Respondents' Responses

Petitioner makes the following claims in support of the Petition:

1. He challenges "whether ICE is maintaining his present detention under the correct statutory detention framework applicable to his current circumstances." (Doc. 1, at 6). Petitioner asserts 8 U.S.C. § 1226(a) "is the governing framework unless some distinct statutory basis for detention applies." (Doc. 2, at 3).

2. He asserts his detention violates the Fifth Amendment. (Doc. 1, at 6).

Petitioner requests "the Court determine the statutory authority governing his present ICE detention," (*id.* at 7), and "grant relief consistent with the detention framework that governs his circumstances." (Doc. 2, at 5).

While Respondents contend that Petitioner is held under 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing, they concede that the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), controls. (Doc. 8, at 1). "Respondents request that any order be limited to ordering a bond hearing within seven days" and also be limited to Petitioner's statutory claim. (*Id.* at 1-2).

In reply, Petitioner "respectfully asks the Court to apply *Santillan Quiroz* as controlling law and grant the Petition to the extent necessary to secure the custody review required by § 1226(a)." (Doc. 9, at 1) (citation modified). He agrees with Respondents that the remedy should be a lawful bond hearing within seven days, and if he does not receive a hearing within that period, his release from custody. (*Id.* at 2). He also "requests that any constitutional claim not reached by the Court be left unresolved and without prejudice." (*Id.* at 3).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Under *Santillan Quiroz v. Mullin*, Petitioner Is Entitled To a Bond Hearing.

On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz,* holding "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th at 1237. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondents concede.

Petitioner is subject to § 1226(a), and he evidently has not received a bond hearing, considering his Reply specifically requests one. Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.

Because the undersigned recommends granting habeas relief on the basis of violation of the INA, it is unnecessary to reach the merits of or decide Petitioner's due process claim, particularly as it would result in the same relief. *See, e.g., Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral

Immigration Judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by November 6, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[3] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 30th day of October, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE

[3] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").